DIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEN ZHANG, ) | |
| ) | Case No. 1:24-cv-08739 |
| Plaintiff, ) | |
| ) | Presiding: Jorge L. Alonso |
| v. ) | Magistrate: Jeannice W. Appenteng |
| ) | |
| THE PARTNERSHIPS and UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE ) | |
| "A," ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS FOR MISJOINDER

Defendants, MapleMay (Doe #12), Qiyi Home Décor (Doe #18) and Tigersilver (Doe #23), (collectively "Defendants"), by and through the counsel undersigned, hereby request that this Court to dismiss the instant case for misjoinder under Rule 20 and 21 and state as follows.

### I. LEGAL STANDARD

In *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *2 (N.D. Ill. Jan. 4, 2024), the court analyzed:

Before the adoption of the Leahy-Smith America Invents Act of 2011, 35 U.S.C. § 100 *et seq.* ("AIA"), "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21 C 536, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising

1

out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, id. § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id*. § 299(b). And even if these requirements are met, joinder may still be refused "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

See *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *2 (N.D. Ill. Jan. 4, 2024). The court further said:

Courts typically find that claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a "logical relationship" between them. *Id*. at 1358. Such a relationship "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id*. at 1359. Courts have "considerable discretion" and "flexibility" in determining whether a plaintiff has plausibly alleged such a relationship. See *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

*Id.*, at *3. It continued:

That is not what we have here. This case does not involve a "swarm" of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse*

2

but rather instances of infringement by distinct competitors. In other words, this case is far more like *AF Holdings*'s game of blackjack than *Bose*'s game of "whack-a-mole." To construe this set of circumstances as a cooperative occurrence like that in *Bose* is inaccurate.

he ruling in *Bose* was also informed by the fact that none of the counterfeiters would likely appear, such that if the Court severed the defendants, the way in which *Bose*'s claims would be litigated or managed was unlikely to change. *Id*. Indeed, *Bose* caveated that should any defendant appear and distinguish itself from the "swarm," the Court would sever that defendant in the interest of fairness. *Id*. Here, Yummy Makeup and Wings of Esa have appeared, are defending the case in earnest, and for the reasons stated, are not properly joined with the other remaining defendants.

*Id.*, at *6.

## II. ARGUMENT AND MEMORANDUM OF LAWS

**A. Allegation of In Active Concert Does Not Warrant Joinder.**

In the instant case, Plaintiff alleged that "[o]n information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products in the same transaction, occurrence, or series of transactions or occurrences." See the Compl., ECF No. 1, p. 7, ¶ 22.

The *Tang* court did not agree that such allegations were sufficient for joinder under Rule 20, where it explained, "Plaintiff's complaint falls short of showing a logical relationship. While he alleges, on information and belief, that the defendants are acting in concert with each other, R. 1 ¶ 9, his well-pled factual allegations do not support a reasonable inference that the defendants are part of a network of infringers or that there is substantial evidentiary overlap in the claims

against each of them." *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *3 (N.D. Ill. Jan. 4, 2024).

Meanwhile, here, in fact, Plaintiff conceded that Defendants are not from the same entities, by pleading that "[g]roups of counterfeiters such as Defendants here are typically in communication with each other," and "[t]hey regularly participate in WeChat rooms, and also communicate through websites such as sellerdefense.cn and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits." Compl., ECF No. 1, p. 7, ¶ 20. Apparently, no two defendants would have gone to sellerdefense.com to discuss tactics if they were from the same entities.

With such allegations, it is impossible that all Defendants were able to sell allegedly infringing products in one same transaction, or a series of transactions merely with similar stores and check-out methods. *See* the Compl., ECF No. 1, p. 7, ¶ 22. Plaintiff intended to fit into the Rule 20 criteria for permissive joinder, however, it is a stretch.

**B. Similarities of Products, Marketing, Advertising, Storefronts, Etc. Does Not Warrant Joinder.**

In the instant case, Plaintiff alleged that "Defendants employ and benefit from substantially similar advertising and marketing strategies," and "[f]or example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers." *Id*., p. 5-6, ¶ 16. Plaintiff also alleged that "[t]he Defendant Internet Stores share unique identifiers, such as common design elements, such as the same or similar Counterfeit Products they offer for sale, similar Counterfeit Product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, check-out

4

methods, lack of contact information, identically or similarly priced Counterfeit Products and volume sales discounts." *Id*., p. 4, ¶ 11.

Such factual allegations for the purposes of joinder under Rule 20 was refuted by the *Tang* Court. It explained:

> First, Plaintiff asserts that all of the defendants' online storefronts share numerous similarities, such as the use of the same product images and language, including content copied from Plaintiff's listing, and similar pricing. R. 1 ¶ 12. But that is not borne out by the examples Plaintiff attaches to his complaint. Insofar as the defendants use the same words and images, they are generally descriptive of the function of the shelves being sold (e.g., images of irons on the selves, use of "ironing board hanger"), and the prices range significantly. See R. 9; see also *Forrest v. Universal Sav. Bank*, F.A., 507 F.3d 540, 542 (7th Cir. 2007) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence."). Even if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices. See *Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *2 (N.D. Ill. Feb. 6, 2021); cf. *Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("**Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20**."). Likewise, that the defendants use the same accepted payment and checkout methods and hosting services, R. 1 ¶ 12, is simply a reflection of the fact that they operate stores through Amazon, not

5

an indicator that they are part of a network of infringers. Such "coincidentally identical" facts do not support joinder. *In re EMC*, 677 F.3d at 1359.

*Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *3-4 (N.D. Ill. Jan. 4, 2024). (emphasis added by Defendants).

Thus, similarities of products sold, storefronts, payment and check-out methods, languages used in the product listings, etc., do not warrant joinder under Rule 20.

## C. Similar Residence, Payment Accounts and Checkouts Do Not Warrant Joinder.

Here, Plaintiff alleged that "Defendants are individuals and business entities who reside in the People's Republic of China and other foreign jurisdictions." Compl., ECF No. 1, p. 3, ¶ 10. The *Tang* court ruled out the similarity of residence of Defendants as ground of joinder, where it explained, "[t]o the extent that he suggests a link by virtue of the fact that their companies are located in China and have similar numbers of employees, the Court is not persuaded." *Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *4.

## D. Common Tactics to Evade Enforcement Does Not Warrant Joinder.

The common tactics to evade enforcement and the facts of operating multiple credit and merchant accounts, where the *Tang* court said, "[a]nd the allegations that defendants in this case and others 'use of a variety of common tactics to evade enforcement efforts,' such as registering new accounts when they receive notice of a lawsuit, shipping in small quantities, operating multiple credit card merchant accounts, and moving funds offshore, R. 1 ¶¶ 11, 13, 14, are 'highly generic and apply equally to individuals and entities engaging in activities that are not the subject of this suit.'" *Id*., at *4-5, citing *Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021).

6

Here, Plaintiff pleaded that, "[u]pon information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation," Compl., ECF No. 1, p. 6, ¶ 17, and "[o]n information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their counterfeiting and other infringement of intellectual property rights." Id., p. 7, ¶ 21.

Such allegations do not warrant proper joinder, with mere alleged efforts to avoid payment of monetary judgment.

**E. Plaintiff Conceded that Defendants Are Different and Not Affiliated to Each Other, Which Forms Ground of Misjoinder.**

In fact, here, Plaintiff conceded that all or at least part of the defendants in the instant case are from different entities, hence they had to allegedly communicate via WeChat and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits. Compl., ECF No. 1, p. 7, 20.

"When the defendants are not affiliated with one another, 'there is no evidentiary overlap in proving liability for the alleged infringement.'" *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023), quoting *NFL Props. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05522, at *1 (N.D. Ill. Oct. 26, 2021).

Thus, joinder is inappropriate when evidence, at least testimony of witnesses will not overlap.

**F. Plaintiff's Complaint Boils Down to a Claim that Defendants infringed on His Copyright in the Same Way.**

Similar to the conclusion of the *Tang* court, where it stated that "[e]ssentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way," *id*., at *5, in the instant case, Plaintiff's Complaint [DE 1] boils down to a claim that the Defendants infringed on his copyright. See the Complaint, ECF No. 1, generally. None of the ground listed by Plaintiff warrant a Rule 20 joinder.

**G. Plaintiff's Behavior of Filing Such a Case by Improperly Joining Defendants Shall Not Be Encouraged.**

In *NFL Props. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21-CV-05522, at *1 (N.D. Ill. Oct. 26, 2021), the court warned against such behavior of vitiating requirement of paying due filing fees by joining hundreds of defendants without proper ground of joinder:

> By suing 228 defendants in a single suit rather than in as many as 228 separate suits, NFLP may save more than $90,000 in filing fees. See Northern District of Illinois's Fee 5 Schedule ("Civil Filing Fee $ 402.00"); see also *Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *3 (N.D. Ill. Feb. 6, 2021) ("[B]y suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.")

*NFL Props. v. The P'ships & Unincorporated Ass'ns Identified On Schedule "A"*, No. 21- CV-05522, at *1 (N.D. Ill. Oct. 26, 2021).

8

Here, similarly, Plaintiff attempted to avoid his due payments of filing fees to the Court, by combining lots of defendants into a case, without evidentiary overlap, creating unnecessary nuisance to the Court and substantial harm to judicial economy.

WHEREFORE, Defendants, MapleMay (Doe 12), Qiyi Home Décor (Doe #18) and Tigersilver (Doe 23), by and through its counsel undersigned, hereby request that this Court to dismiss the instant case for misjoinder under Rule 21.

Dated: October 15, 2024          Respectfully submitted,

            */s/ Julie Zhihui Guo*

            Julie (Zhihui) Guo

            JS Law
            339 Pearson Cir,
            Naperville, IL 60563
            sellersusip@gmail.com
            tro@jslawlegal.com
            (917) 773-1868

            *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on October 14, 2024.